UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 13-205 |
| DELOYD JONES, ET AL. | SECTION: "E" (2) |

### ORDER AND REASONS

This is criminal action charging twelve defendants with violations of the Racketeer Influenced Corruption Organization Act ("RICO"),[1] the Violent Crimes in Aid of Racketeering Act ("VICAR"),[2] the Federal Controlled Substances Act ("FCS"),[3] and the Federal Gun Control Act ("FGC").[4]  Count 1 charges three defendants with a RICO conspiracy (the "RICO Defendants");[5] Count 2 charges all defendants with a FCS conspiracy;[6] Count 3 charges all defendants with a FGC conspiracy; Count 4 charges an individual defendant with violating the FCS; and Counts 5 through 20 charge individual RICO Defendants with various violations of the VICAR and the FGC.  The non-RICO Defendants, with two exceptions,[7] move to sever Counts 2 and 3 from the remaining counts in the indictment.[8]  The questions presented are (1) whether joinder is proper under Rule 8, and, if so, (2) whether severance is nonetheless warranted under Rule 14. For the following reasons, the Court finds that the counts in the indictment are united

---

[1] 18 U.S.C. § 1961 *et seq.*
[2] 18 U.S.C. § 1959.
[3] 21 U.S.C. § 841 *et seq.*
[4] 18 U.S.C. § 921 *et seq.*
[5] The RICO Defendants are Deloyd Jones, Byron Jones, and Sidney Patterson.
[6] The other defendants (the "non-RICO Defendants") are Tre Clements, Ervin Spooner, Romalis Parker, Nyson Jones, Andrealie Lewis, Morris Summers, Tyone Burton, Tyrone Burton, and Perry Wilson.
[7] Ervin Spooner did not file a motion to sever, and Andrealie Lewis has already pleaded guilty.
[8] Two of the non-RICO Defendants—Tre Clements and Romalis Parker—have not moved to sever Count 4. For purposes of simplicity, this Order proceeds as if all defendants requested the same relief.

1

by common facts and participants, and that any potential prejudice inherent in a joint trial is insufficient to justify severance under Rule 14.  The Motions are DENIED.

## BACKGROUND

On September 19, 2013, a federal grand jury in the Eastern District of Louisiana issued a twenty-count indictment against twelve defendants.[9]  Count 1 charges Deloyd Jones ("D. Jones"), Byron Jones ("B. Jones"), and Sidney Patterson ("Patterson") with membership in a criminal enterprise operating in the Eighth Ward of New Orleans known as "Ride or Die."  Count 1 further charges a broad RICO conspiracy beginning in or about 2007 to distribute controlled substances and to commit murder, robbery, battery, and assault in furtherance of the conspiracy.  These violent acts frequently involved the use of firearms.  Count 1 contains 52 overt acts, including the murder of four individuals.  Each of the non-RICO Defendants is mentioned at least once in the overt acts section of Count 1.

Count 2 charges all defendants with a conspiracy beginning in or about 2008 to distribute and possess with the intent to distribute 280 grams or more of crack cocaine and non-specific quantities of heroin and marijuana.  Count 3 charges the defendants with a conspiracy beginning in or about 2007 to possess and use firearms in furtherance of the crimes charged in Counts 1 and 2.

Count 4 charges Ervin Spooner with possessing a non-specific amount of marijuana with intent to distribute on or about November 11, 2008.

Counts 5 through 20 charge one or more of the RICO Defendants with various violations of the VICAR and the FGC.  Counts 5 through 8 stem from an incident or series of incidents that occurred on or about February 24, 2010.  Count 5 charges B.

---

[9] R. Doc. 1.

Jones and Patterson with the murder of Travis Arnold in order to increase their position and status in Ride or Die.  Count 6 charges the two defendants with discharging an unknown firearm which caused the death of Travis Arnold, in furtherance of the crimes charged in Counts 1 and 2.  Count 7 charges B. Jones and Patterson with assaulting an individual identified as "I.R." with a dangerous weapon in order to increase their position and status in Ride or Die.  Count 8 charges B. Jones and Patterson with discharge of an unknown firearm in furtherance of the crimes charged in Counts 1 and 2.

Counts 9 charges B. Jones with assaulting an individual identified as "E.A." with a dangerous weapon on or about April 29, 2010 in order to increase his position and status in Ride or Die.  Count 10 charges B. Jones with discharging an unknown firearm on or about April 29, 2010 in furtherance of the crimes charged in Counts 1 and 2.

Count 11 charges D. Jones with the murder of Rodney Coleman on or about November 9, 2010, in order to increase his position and status with Ride or Die.  Count 12 charges D. Jones with discharging an unknown firearm which caused the death of Rodney Coleman, in furtherance of the crimes charged in Counts 1 and 2.

Count 13 charges D. Jones and Patterson with assaulting an individual identified as "J.J." with a dangerous weapon on or about January 6, 2011 in order to increase their position and status in Ride or Die.  Count 14 charges D. Jones and Patterson with discharging a known firearm on January 6, 2011 in furtherance of the crimes charged in Counts 1 and 2.

Counts 15 through 17 stem from an incident or series of incidents that occurred on or about January 17, 2011.   Counts 15 charges D. Jones with the murder of Devin Hutton in order to increase his position in Ride or Die.  Count 16 charges D. Jones with

discharging two unknown firearms and one known firearm which caused the death of Devin Hutton, in furtherance of the crimes alleged in Counts 1 and 2. Count 17 charges D. Jones with assaulting an individual identified as "V.G." with a dangerous weapon in order to increase his position and status with Ride or Die. Count 18 charges D. Jones with discharging two unknown firearms and one known firearm in furtherance of the crimes charged in Counts 1 and 2.

Count 19 charges D. Jones and Patterson with the murder of Corey Blue on or about January 18, 2011 in order to increase their position and status with Ride or Die. Count 20 charges the two defendants with discharging an unknown firearm and a known firearm which caused the death of Corey Blue, in furtherance of the crimes charged in Counts 1 and 2.

## LAW AND ANALYSIS

The instant Motions present two separate questions. The first is whether Counts 2 and 3 are properly joined with the other counts in the indictment. If so, the next question is whether joinder is so prejudicial as to warrant separate trials. The Court addresses each question in turn.

I.     Joinder—Rule 8

When reviewing a motion to sever, the preliminary inquiry is whether joinder was proper as a matter of law under Rule 8.[10] Where, as here, an indictment charges multiple defendants and multiple counts, Rule 8(b) governs the propriety of joinder.[11] This rule allows joinder of defendants in the same indictment if they are alleged to have participated "in the same series of acts or transactions . . . constituting an offense or

---

[10] *See United States v. Holloway*, 1 F.3d 307, 310 (5th Cir. 1993).
[11] *United States v. Kaufman*, 858 F.2d 994, 1003 (5th Cir. 1998)

4

offenses."[12]  Whether the counts charged fulfill this "same series" requirement is determined by the facts in the indictment, which are accepted as true absent arguments of prosecutorial misconduct.[13]  There is no requirement that each defendant have participated in the same act(s),[14] or that each defendant be charged in the same count(s).[15]  Rather, Rule 8 is "flexible" and broadly construed in favor of joinder.[16]  The dispositive inquiry is whether the indictment charges "a series of acts unified by some substantial identity of facts or participants."[17]  This link is usually satisfied when an indictment alleges an overarching conspiracy that encompasses the substantive offenses charged,[18] especially when the object of the conspiracy involves RICO violations.[19]  Even separate conspiracies with different memberships are properly joined if they are part of the same series of acts or transactions.[20]

Counts 2 and 3 are properly joined with Count 1 and Counts 4 through 20.  Count 1 alleges a broad RICO conspiracy to distribute controlled substances.  Count 1 further alleges the use of guns and violence to accomplish the unlawful objects of the

---

[12] Fed. R. Crim. P. 8(b).
[13] *See United States v. McRae*, 702 F.3d 806, 820 (5th Cir. 2012); *United States v. Faulkner*, 17 F.3d 745, 758 (5th Cir. 1994).  The non-RICO Defendants have made no such arguments about prosecutorial misconduct.
[14] *McRae*, 702 F.3d at 820.
[15] Fed. R. Crim. P. 8(b).
[16] *United States v. Butler*, 429 F.3d 140, 146 (5th Cir. 2005); *see also United States v. Bullock*, 71 F.3d 171, 174 (5th Cir. 1995) ("Joinder of charges is the rule rather than the exception and Rule 8 is construed liberally in favor of initial joinder.").
[17] *See McRae*, 702 F.3d at 821 (quoting *United States v. Dennis*, 645 F.2d 517, 520 (5th Cir. 1981)).
[18] *See United States v. Lane*, 735 F.2d 799, 805 (5th Cir. 1984).
[19] *See United States v. Krout*, 66 F.3d 1420, 1429 (5th Cir. 1995) ("If an indictment charges RICO violations, offenses committed as part of the pattern of racketeering activity are properly joined even if the defendant objecting is not named in the RICO count."); *United States v. Houle*, 237 F.3d 71, 75 (1st Cir. 2001) ("[W]here, as here, a single RICO count embrace[s] all of the acts and transactions upon which the other . . . counts [are] based, joinder under Rule 8(b) is proper.") (alterations in original); *cf. United States v. Welch*, 656 F.2d 1039, 1051 (5th Cir. 1981) ("[A] RICO conspiracy count can provide the connexity between two otherwise unrelated conspiracies necessary to satisfy the requirements of Rule 8(b).").
[20] *See United States v. Harrelson*, 754 F.2d 1153, 1176–77 (5th Cir. 1985).

conspiracy.[21]  Count 2 charges a conspiracy to distribute crack cocaine, heroin, and marijuana.  Three of the defendants named in Count 2 (the RICO Defendants) are also named in Count 1.  Moreover, those not specifically charged in Count 1, *i.e.*, the non-RICO Defendants, are each referenced by name in the overt acts section of Count 1 at least once.  Five of the seven non-RICO Defendants are alleged in Count 1 to have possessed with intent to distribute the same controlled substance(s) specifically referenced in Count 2.

Count 3 charges a conspiracy to use and possess firearms in furtherance of the conspiracies listed in Counts 1 and 2.  Again, the RICO Defendants are also charged in Count 3.  Furthermore, six of the seven non-RICO Defendants are alleged in the overt acts section of Count 1 to have possessed firearms on at least one occasion.  And unlike Count 2, Count 3 alleges a specific connexity with Count 1.

Count 4 charges Ervin Spooner ("Spooner") with possession of marijuana with intent to distribute.  Marijuana is one of the controlled substances in Count 2 that all defendants allegedly conspired to distribute.  Spooner's possession count is also listed as an overt act in Count 1 in furtherance of the RICO conspiracy.

Counts 5 through 20 charge the RICO Defendants with various violations of the VICAR and the FGC.  The acts described in Counts 6, 8, 10, 12, 14, 16, 18, and 20 were allegedly perpetrated in furtherance of the conspiracies charged in Count 1 *and* Count 2.

Given the foregoing, the Court finds that Counts 2 and 3 are properly joined with the other counts in the indictment.  Although charged separately, the conspiracies alleged in Counts 1, 2, and 3, and the substantive violations charged in Counts 4 through

---

[21] The facts alleged in Counts 4-20 are all listed as overt acts in Count 1 in furtherance of the RICO conspiracy.  Nobody has argued—nor could any of the defendants credibly do so—that these counts are misjoined.

6

20 are part of a single plan or scheme: the distribution of controlled substances by any means necessary, including the threat and use of violence.[22] Moreover, much of the evidence that must be adduced to establish guilt under Counts 2 and 3 will be relevant to establish the other offenses, particularly the RICO conspiracy charged in Count 1.[23] Because there is a substantial identity of facts and participants between Counts 2 and 3 and the rest of the counts in the indictment, joinder was proper. This conclusion is consistent with Fifth Circuit precedent.

In *United States v. Krout*, seven defendants were tried jointly and convicted.[24] Four of those defendants were charged with a RICO conspiracy and substantive RICO violations.[25] The indictment alleged members and associates of the RICO enterprise used violence, including murder, to further the objectives of the enterprise, namely, the distribution of cocaine and heroin.[26] One of the trial defendants was not named in the RICO counts but was nonetheless charged in the same indictment with conspiracy to distribute heroin and a substantive count of heroin possession with intent to distribute.[27] That defendant argued misjoinder on appeal.[28] The Fifth Circuit disagreed, holding that the overarching RICO conspiracy provided the requisite nexus with the other counts in the indictment.[29]

---

[22] *See Faulkner*, 17 F.3d at 758 (finding joinder proper where counts are "part of a single plan or scheme.") (quoting *Lane*, 735 F.2d at 805).
[23] *See United States v. Gentile*, 495 F.2d 626, 630 (5th Cir. 1974) (finding no misjoinder "when the facts underlying each offense are so closely connected that proof of such facts is necessary to establish each offense."); *Welch*, 656 F.2d at 1052 (finding no misjoinder where severance would result in "two trials with substantially identical evidence.").
[24] *See* 66 F.3d at 1424.
[25] *Id.* at 1424—25.
[26] *Id.* at 1424—25.
[27] *Id.* at 1429.
[28] *Id.*
[29] *Id.*

7

Like *Krout*, the indictment in this case charged a broad RICO conspiracy to distribute controlled substances and to use violence in furtherance of the conspiracy. Furthermore, as in *Krout*, a defendant not charged with RICO violations but who was charged in a separate count with conspiracy to distribute a controlled substance—the same substance distributed by the RICO enterprise—argued misjoinder. The Fifth Circuit rejected that argument in *Krout*; so too must this Court in the case *sub judice*.

*United States v. Posadas-Rios* provides further support for proper joinder.[30] *Posadas-Rios* involved a 134-page indictment with 35 defendants.[31] The indictment charged a RICO conspiracy, multiple controlled substances conspiracies, and various acts in furtherance of each conspiracy, including the use of firearms.[32] One of the defendants who appealed his conviction was not charged in the RICO conspiracy.[33] He was instead charged in a "subsidiary," two-person controlled substances conspiracy with one of the members of the RICO conspiracy.[34] The defendant argued misjoinder because the only common link between him and the other RICO defendants was the defendant with whom he allegedly conspired.[35] Although the question was a "close one," the Fifth Circuit held that joinder was proper: "The conspiracies charged were not separate or distinct; they were substantially interrelated by their facts and common aims (importation and distribution of large amounts of Colombian cocaine) and by at least one common participant."[36] Similarly, the conspiracies charged in this case are inextricably intertwined by their facts (the use of violence and firearms), their common

---

[30] 158 F.3d 832 (5th Cir. 1998).
[31] *Id.* at 841.
[32] *See id.* at 855—63.
[33] *Id.* at 862.
[34] *Id.*
[35] *Id.*
[36] *Id.* at 862—63.

8

aims (the distribution of crack cocaine, heroin, and marijuana), and *three* common participants (the RICO Defendants).

II.     Severance—Rule 14

If joinder is proper under Rule 8, Rule 14 affords the district court broad discretion to order severance if a joint trial would result in undue prejudice.[37] A defendant seeking severance under Rule 14 must overcome "significant obstacles."[38] As a general rule, persons indicted together should be tried together,[39] especially in conspiracy cases.[40] Neither a quantitative disparity in the evidence nor the presence of a spillover effect requires severance.[41] A carefully tailored jury instruction will normally cure any risk of prejudice.[42] To the extent limiting instructions cannot eliminate that risk, the district court must consider whether any remaining prejudice outweighs the interests of judicial economy.[43] When defendants are properly joined under Rule 8, "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."[44]

The non-RICO Defendants face an uphill battle to demonstrate prejudice. They argue that evidence of the violent acts in Counts 5 through 20 would create a spillover effect that will preclude the jury from impartially assessing the evidence against them. In other words, the non-RICO Defendants argue a joint trial with the RICO Defendants raises the specter of guilt by association. Unfortunately for the non-RICO Defendants,

---

[37] *See Welch*, 656 F.2d at 1053; Fed. R. Crim. P. 14.
[38] *McRae*, 702 F.3d at 821.
[39] *United States v. Rocha*, 916 F.2d 219, 227—28 (5th Cir. 1990).
[40] *United States v. Pofahl*, 990 F.2d 1456, 1483 (5th Cir. 1993) ("The rule, rather than the exception, is that persons indicted together should be tried together, especially in conspiracy cases.").
[41] *Krout*, 66 F.3d at 1430.
[42] *Zafiro*, 506 U.S. at 539.
[43] *See McRae*, 702 F.3d at 821—22.
[44] *Zafiro*, 506 U.S. at 539.

they have made their bed and now they must lie in it. Many of the acts of which the non-RICO Defendants complain (including the four murders) were allegedly perpetrated in furtherance of the drug conspiracy charged in Count 2—a conspiracy in which *all* named defendants are charged. The law is clear that "[w]hile the district court must guard against undue prejudice, it need not protect conspirators from evidence of their confederates' acts in furtherance of their common illegal aims."[45] Accordingly, the prejudice alleged is not of the type Rule 14 was designed to protect against.[46]

But even if it were, the non-RICO Defendants have failed to demonstrate that any potential prejudice could not be cured by limiting the manner in which evidence is received at trial.[47] In *Posadas-Rios*, several defendants argued they were prejudiced at trial by evidence of crimes committed by their co-conspirators, including "gruesome murders," before they joined the conspiracy.[48] The Fifth Circuit rejected this argument in part because the district court undertook a series of prophylactic measures to limit the prejudice to the individual defendants.[49] Those measures included (1) providing limiting instructions to both potential jurors during voir dire and empaneled jurors during trial, (2) allowing the jurors to take notes, and (3) allowing the jurors to consult photographs of the defendants during trial.[50] Other precautionary measures approved by the Fifth Circuit in multi-defendant trials include providing the jury with a seating

---

[45] *United States v. Manges*, 110 F.3d 1162, 1174—75 (5th Cir. 1997); *accord Posadas-Rios*, 158 F.3d at 863.
[46] *See further United States v. Thompson*, No. 99-41007, 2001 WL 498430, at *4 (5th Cir. 2001) (unpublished) ("[W]e have previously rejected the argument that evidence of crimes committed by co-conspirators, including gruesome murders, suffices to establish prejudice.").
[47] *See United States v. Cleveland*, Crim. A. No. 96-207, 1997 WL 2554, at *6 (E.D. La. Jan. 2, 1997) ("The Fifth Circuit requires a showing from the defendant of specific and compelling prejudice against which the trial court could not provide protection in order to find that severance is appropriate."); *United States v. Erwin*, 793 F.2d 656, 665 (5th Cir. 1986) ("[C]ompelling prejudice is not shown if it appears that, through use of cautionary instructions, the jury could reasonably separate the evidence and render impartial verdicts as to each defendant.").
[48] 158 F.3d at 863.
[49] *See id.* at 863—64.
[50] *Id.* at 863.

10

chart and a copy of the final indictment.[51] At this early juncture, the Court is not convinced that some combination of these measures would be insufficient to eliminate any significant prejudice.[52] The non-RICO Defendants are free to re-urge their prejudice argument as the presentation of evidence unfolds at the trial.[53]

The motion to sever under Rule 14 fails for a third reason: any potential prejudice that could not be cured by instructions to the jury would be outweighed by the burden of trying this case more than once. The Supreme Court "has long recognized that joint trials conserve state funds, diminish inconvenience to witnesses and public authorities, and avoid delays in bringing those accused of crime to trial."[54] The costs of separate trials in this case would be substantial. As discussed *supra*, much of the same evidence would have to be repeated if Counts 2 and 3 were severed from the indictment. Requiring the Government to put on the same evidence twice would needlessly tax the resources of the parties, the Court, and the judicial system as a whole. A joint trial also decreases the possibility of inconsistent verdicts.[55]

---

[51] *See United States v. Ellender*, 947 F.2d 748, 755 (5th Cir. 1991).
[52] *See Manges*, 110 F.3d at 1175 n.10 ("[T[he pernicious effect [of spillover] . . . is best avoided by precise instructions to the jury on the admissibility and proper uses of the evidence introduced by the Government.") (alterations in original).
[53] *See Erwin*, 793 F.2d at 666 (affirming denial of pre-trial motion for severance but reversing denial of severance motion made at close of evidence); *accord United States v. Morgan*, No. 13-151, 2014 WL 4443492, at *6 (E.D. La. Sept. 8, 2014) ("As the Fifth Circuit makes clear in *Erwin*, this Court can revisit th[e] [severance] issue as the trial unfolds if evidence and testimony is presented that is irrelevant to [the defendant] and inflammatory to him."); *United States v. Berkowitz*, 662 F.2d 1127, 1132 (5th Cir. 1981) ("The district court has a continuing duty to monitor the entire trial for prejudice and to order severance if such prejudice does arise."); *United States v. Clark*, 480 F.2d 1249, 1252 (5th Cir. 1973) ("[E]ven after a trial begins as a joint one 'the trial judge has a continuing duty at all stages of the trial to grant a severance if prejudice does appear.'") (quoting *Schaffer v. United States*, 362 U.S. 511, 516 (1960)).
[54] *United States v. Lane*, 474 U.S. 438, 449 (1986) (internal quotation marks omitted).
[55] *See Zafiro*, 506 U.S. at 537 (finding that joint trials "promote efficiency and 'serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'") (quoting *Richardson v. Marsh*, 481 U.S. 200, 209 (1987)).

## CONCLUSION

The counts in the indictment are substantially interrelated by common facts and participants. Joinder is proper under Rule 8. Therefore, the non-RICO Defendants bear a heavy burden to overcome the preference for joint trials. They have failed to meet this burden because any potential prejudice that could not be cured by cautionary instructions to the jury would be minimal at best and substantially outweighed by interests of judicial economy. Accordingly, severance under Rule 14 is not warranted.

For the reasons previously stated;

**IT IS ORDERED** that the Motions to Sever are **DENIED**.[56]

**New Orleans, Louisiana, this 6th day of November, 2014.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[56] R. Docs. 191, 192, 193, 196, 197, 199, and 205.