UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 13-205** |
| **SIDNEY PATTERSON** | **SECTION: "E"** |

## ORDER AND REASONS

Before the Court is Defendant's Motion for Appointment of Counsel, in which Defendant Sidney Patterson ("Defendant") requests legal assistance in determining whether the recent amendments to the United States Sentencing Guidelines qualify him for a sentence reduction.[1] For the following reasons, Defendant's motion is **DENIED**.

## BACKGROUND

In September 2013, Defendant, along with others, was indicted on a RICO Conspiracy charge.[2] On August 28, 2015, a jury found Defendant guilty on multiple counts charged in the indictment.[3] The Court sentenced Defendant to life imprisonment.[4] Defendant is currently housed at U.S. Penitentiary Canaan.

On November 14, 2023, Defendant filed a Motion for Appointment of Counsel re: U.S. Sentencing Commission's Amendments.[5] In this motion, Defendant asked the Court to appoint him counsel to aid him in filing a motion for compassionate release related "to the recent amendments that were issued by the U.S. Sentencing Commission."[6] One "recent amendment" Defendant references is Amendment 821.

---

[1] R. Doc. 1120.
[2] R. Doc. 1.
[3] R. Doc. 536.
[4] R. Doc. 712; R. Doc. 715; R. Doc. 919.
[5] R. Doc. 1120.
[6] *Id.*

1

Defendant also references an amendment that allows "district courts to consider a 'change in law' that . . . causes a disparity in sentence."[7]

I.   **Request for Appointment of Counsel in Light of Amendment 821**

The U.S. Sentencing Commission promulgated a series of revisions to the U.S. Sentencing Guidelines through Amendment 821, which became effective on November 1, 2023. Part A of the amendment addresses criminal history "status" points assigned under U.S.S.G. § 4A1.1, decreasing them by one point for individuals with seven or more criminal history points and eliminating them for those with six or fewer criminal history points. Subpart 1 of Part B creates a new Guideline, U.S.S.G. § 4C1.1, which provides a decrease of two offense levels for "Zero-Point Offenders" (no criminal history points) whose offense did not involve specific factors. The Commission determined that Part A and Subpart 1 of Part B of Amendment 821 should be made retroactive, permitting defendants to receive Amendment 821 sentence reductions pursuant to 18 U.S.C. § 3582(c)(2).[8] Section 3582(c)(2) allows a court to modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."

On November 15, 2023, Chief Judge Brown ordered that a "Retroactivity Screening Committee for Amendment 821" (the "821 Committee") be created "to review all cases of defendants identified as potentially eligible for a sentence reduction under 18 U.S.C. § 3582(c) based on retroactive application of Parts A and Part B, Subpart 1, of Amendment 821."[9]

---

[7] *See id.*
[8] U.S.S.G. amend. 825.
[9] *General Order in re: Retroactive Application of U.S. Sentencing Guideline Amendment 821, Parts A & B, Subpart 1* (E.D. La. Nov. 15, 2023), https://www.laed.uscourts.gov/news/general-order-concerning-amendment-821-us-sentencing-guidelines.

The Court ordered that Defendant's motion be transferred to the 821 Committee.[10] The 821 Committee opined that Defendant is ineligible for a sentence reduction under § 3582(c)(2) and U.S.S.G. § 1B1.10(a)(2)(B).[11] United States Sentencing Guidelines Section 1B1.10(a)(2)(B) prohibits a sentence modification under § 3582(c)(2) if "[a]n amendment listed in subsection (d)" of the guideline, which lists Amendment 821,[12] "does not have the effect of lowering the defendant's applicable guideline range."

The Court, in line with the 821 Committee, denied Defendant relief under § 3582(c)(2) on April 29, 2024.[13] Because Defendant requested relief under § 3582(c)(1)(A) and § 3582(c)(2), the Court ordered the Government to file a response to Defendant's motion.[14]

Defendant seeks the appointment of counsel to assist him in applying for compassionate release because he has a "very limited knowledge of the law—especially, the recently released amendments" issued by the U.S. Sentencing Commission.[15] Generally, "the right to appointed counsel extends to the first appeal of right, and no further."[16]

A Court may appoint counsel in a compassionate-release proceeding if it finds that doing so would be "in the interest of justice."[17] The Fifth Circuit has stated that "the

---

[10] R. Doc. 1121.
[11] R. Doc. 1127 at p. 1.
[12] U.S.S.G. § 1B1.10(d) states "Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, 706 . . . , 782 . . . , and 821."
[13] R. Doc. 1126 at p. 1.
[14] R. Doc. 1125.
[15] R. Doc. 1120 at p. 1.
[16] *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).
[17] *United States v. Diaz*, No. 22-40044, 2023 WL 1879404, at *3 (5th Cir. Feb. 10, 2023); *see also United States v. Delco*, No. 09-57, 2020 WL 4569670, at *2 (E.D. La. Aug. 7, 2020) (applying interests of justice standard in the context of motion for compassionate release).

interest of justice [does] not require the appointment of counsel" when the motion does "not involve complicated or unresolved issues."[18]

Because Defendant's motion for compassionate release does not involve complicated issues, the Court finds the appointment of counsel would not serve the interests of justice.[19] The Court finds that Defendant is capable of representing himself pro se, as his briefing thus far has identified the relevant law and facts of his case.[20] To the extent Defendant's request is premised on his inability to understand and apply Amendment 821, the Court has already determined that Defendant's request for relief under Amendment 821 is meritless. The Court therefore denies Defendant's request for appointment of counsel.

## II.    18 U.S.C. 3582(c)(1)(A) and U.S.S.G. § 1B1.13

Defendant also requested compassionate release under 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13.[21] Section 3582(c)(1)(A)(i) provides:

> The court may not modify a term of imprisonment once it has been imposed except that—the court . . . may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—extraordinary and compelling reasons warrant such a reduction.

United States Sentencing Guidelines Section 1B1.13 is a policy statement on sentence reductions under § 3582(c)(1)(A). U.S.S.G. § 1B1.13(b)(6) provides an example of an "extraordinary and compelling reason" warranting a sentence reduction:

---

[18] *See United States v. Moore*, 400 Fed. App'x 851, 852 (5th Cir. 2010) (per curiam) (citing *United States v. Robinson*, 542 F.3d 1045, 1052 (5th Cir. 2008)).
[19] *United States v. Allen*, No. 12-138, 2024 WL 640017, at *2-4 (E.D. La. Feb. 15, 2024) (citing *United States v. Drayton*, No. 10-20018, 2020 WL 2572402, at *1 (D. Kan. May 21, 2020)).
[20] *See United States v. Chambers*, No. 18-47, 2021 WL 4311032, at *3 (E.D. La. Sept. 22, 2021) ("The interests of justice do not require that the Court appoint counsel for [defendant] as he has proven himself fully capable of representing himself pro se.").
[21] R. Doc. 1127 at pp. 1-2.

4

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law . . . may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

This is the second amendment that Defendant references in his motion.[22]

The Court ordered the Government to "file a supplemental response to Defendant's motion[23] addressing Defendant's arguments under 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13."[24]

The only argument Defendant raises under § 3582(c)(1)(A) is that he has demonstrated "extraordinary and compelling reasons" that warrant a sentence reduction.[25] Defendant's alleged "extraordinary and compelling" reason is that he "has an 'unusually long sentence.'"[26]

In the Government's supplemental response to Defendant's motion,[27] the Government argues that Defendant has not demonstrated extraordinary or compelling reasons for a sentence reduction.[28] First, the Government argues Defendant has not identified any basis for a sentence reduction.[29] Second, the Government asserts that "[t]here is no basis for a sentence reduction" because "there is no triggering 'change in the law.'"[30] Third, the Government contends that the 18 U.S.C. § 3553(a) factors "strongly weigh against" Defendant's release.[31]

---

[22] R. Doc. 1120.
[23] *Id.*
[24] R. Doc. 1134.
[25] *See* R. Doc. 1120.
[26] *Id.*; *see also* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(b)(6).
[27] R. Doc. 1120.
[28] R. Doc. 1135.
[29] *Id.* at pp. 2-3.
[30] *Id.* at pp. 3-5.
[31] *Id.* at pp. 5-6.

## LAW AND ANALYSIS

**I.  Defendant has not met his burden of establishing extraordinary and compelling reasons warranting a reduction in his sentence.**

Initially the Government argues Defendant has not met his burden to persuade the Court that compassionate release is appropriate.[32] As the Government highlights, "the burden falls on the defendant to 'convince the district judge to exercise discretion to grant the motion.'"[33] Defendant does not explain how 18 U.S.C. § 3582(c)(1)(A)(i) and U.S.S.G. § 1B1.13(b)(6) apply to make a sentence reduction appropriate in his case.[34]

**II.  The Court does not find any applicable change in law that would enable this Court to grant Defendant a sentence reduction.**

Defendant does not cite, nor does the Court's research or the Government's briefing show, any "change in the law" pursuant to § 1B1.13(b)(6) that would allow the Court to grant a sentence reduction. The only change in law that Defendant cites is *Borden v. United States*, 593 U.S. 420 (2021).[35] In *Borden*, the United States Supreme Court reviewed 18 U.S.C. § 924(e), which "mandates a 15-year minimum sentence for persons found guilty of illegally possessing a gun who have three or more prior convictions for a 'violent felony.'"[36] The issue before the Court was "whether a criminal offense can count as a 'violent felony' if it requires only a mens rea of recklessness—a less culpable mental state than purpose or knowledge."[37] The Court held a criminal offense cannot count as a "violent felony" if its mens rea requirement is recklessness.[38]

---

[32] *Id.* at pp. 2-3.
[33] *Ward v. United States*, 11 F.4th 354, 361 (5th Cir. 2021) (quoting *United States v. Shkambi*, 993 F.3d 388, 392 (5th Cir. 2021)).
[34] *Id.*; R. Doc. 1120.
[35] R. Doc. 1120 at p. 1.
[36] *Borden v. United States*, 593 U.S. 420, 423 (2021).
[37] *Id.*
[38] *Id.*

*Borden* has no applicability to Defendant's case. A jury did find Defendant guilty of violating §§ 924(o), (c), and (j) but not § 924(e).[39] The Court later amended its judgment and found Defendant not guilty of violating § 924 entirely.[40] Further, whether a defendant previously committed a violent felony is irrelevant to §§ 924(o), (c), and (j). Thus *Borden* does not apply.

Defendant offers no other change in law that would make U.S.S.G. § 1B1.13(b)(6), and therefore 18 U.S.C. § 3582(c)(1)(A)(i), applicable. Moreover, this Court's review of the statutes Defendant was found guilty of violating shows there has not been a change in law that would change the sentence the Court imposed.[41] This leads the Court to conclude that it should not modify Defendant's sentence.

### III.   Defendant's sentence is not unusually long.

Defendant's sentence of life imprisonment is not unusually long.[42] For each of counts one, two, and nineteen in the indictment, all of which a jury found Defendant guilty on, Defendant faced the possibility life imprisonment.[43] In fact, for Count 19, Defendant's possible sentence is "death or life imprisonment."[44] Defendant's sentence of life imprisonment is not unusually long considering the crimes Defendant committed. As a result, Defendant fails to demonstrate an extraordinary and compelling reason justifying compassionate release.

---

[39] R. Doc. 715.
[40] R. Doc. 919.
[41] *See id.* at p. 1 (listing the statutes Defendant was found guilty of violating).
[42] R. Doc. 715; R. Doc. 919.
[43] R. Doc. 715; R. Doc. 919; R. Doc. 536; R. Doc. 904 at p. 2; *see also* 18 U.S.C. § 1963(a); 21 U.S.C. §§ 841(b)(1)(A) & 846; 18 U.S.C. § 1959(a)(1).
[44] R. Doc. 715; R. Doc. 904 at p. 2; R. Doc. 919; *see also* 18 U.S.C. § 1959(a)(1).

## IV.     The Section 3553(a) factors weigh against Defendant.

Even assuming Defendant could demonstrate extraordinary and compelling reasons justifying a sentence reduction, which the Court finds he cannot, Defendant still cannot show that the § 3553(a) factors support a sentence modification. Section 3582(c)(1)(A)(i) allows the Court to modify a defendant's sentence "after considering the factors set forth in section 3553(a) . . . if it finds that—extraordinary and compelling reasons warrant such a reduction." Section 3553(a) lists several factors for a court to consider when imposing a sentence, including "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant." In addition to considering the § 3553(a) factors, the Court must determine that the "defendant is not a danger to the safety of any other person or to the community" before granting compassionate release.[45]

In this case, a jury found Defendant guilty "[f]or the commission of Murder . . . in Aid of Racketeering."[46] United States Sentencing Guidelines Section 4B1.2(a)(2) defines murder as a "crime of violence." Defendant also played an "aggravating role" in the murder and resultingly received a three-level increase in his offense level.[47]

The fact that Defendant's conduct elevated him to an aggravating role in the commission of murder in aid of racketeering confirms that Defendant should not benefit from compassionate release. Looking to § 3553(a), the nature and circumstances of

---

[45] U.S.S.G. § 1B1.13(a)(2).
[46] R. Doc. 1 at pp. 22-23; R. Doc. 536; R. Doc. 715 at p. 1; R. Doc. 919.
[47] R. Doc. 673 at ¶ 162; U.S.S.G. § 3B1.1(b).

8

Defendant's offense, a murder in which Defendant played an aggravating role, counsel against compassionate release.[48] Additionally, the seriousness of Defendant's offense necessitates the severity of Defendant's sentence, which promotes "respect for the law," provides "just punishment," affords "adequate" deterrence, and protects "the public from further crimes of the defendant."[49] The seriousness of Defendant's offense also prevents the Court from finding that "defendant is not a danger to the safety of any other person or to the community" under U.S.S.G. § 1B1.13(a)(2). Therefore, Defendant is not entitled to compassionate release.

## CONCLUSION

**IT IS ORDERED** that Defendant's motion[50] for appointment of counsel is **DENIED**. To the extent Defendant also requested a reduction in his sentence, the Court finds Defendant is not entitled to a reduction in his sentence under 18 U.S.C. 3582(c)(1)(A) and U.S.S.G. § 1B1.13.

**New Orleans, Louisiana, this 3rd day of December, 2024.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[48] 18 U.S.C. § 3553(a)(1).
[49] *Id.* at (a)(2).
[50] R. Doc. 1120.