**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 13-205** |
| **SIDNEY PATTERSON** | **SECTION: "E"** |

## ORDER AND REASONS

Before the Court is a motion to vacate sentence pursuant to 28 U.S.C. § 2255 filed by Defendant Sidney Patterson ("Defendant").[1] The United States of America ("Government") opposes the Motion.[2] Defendant filed a reply.[3] Defendant's motion is **DENIED** as untimely.

## BACKGROUND

In September 2013, Defendant, along with others, was indicted on a RICO Conspiracy charge.[4] On August 28, 2015, a jury found Defendant guilty on multiple counts charged in the indictment.[5] The Court sentenced Defendant to life imprisonment.[6] Defendant filed a timely notice of appeal, and the Fifth Circuit remanded.[7] Following remand, the Court re-sentenced Defendant to life imprisonment on February 21, 2018.[8] The Fifth Circuit remanded the matter again;[9] for a third time, the Court sentenced

---

[1] R. Doc. 1157.
[2] R. Doc. 1162.
[3] R. Doc. 1165.
[4] R. Doc. 1.
[5] R. Doc. 536.
[6] R. Doc. 712; R. Doc. 715; R. Doc. 919.
[7] *United States v. Jones*, 873 F.3d 482, 500 (5th Cir. 2017)
[8] R. Doc. 799.
[9] *United States v. Jones*, 935 F.3d 266, 274 (5th Cir. 2019)

Defendant to life imprisonment.[10] The Fifth Circuit affirmed the third sentence.[11] On January 11, 2021, the Supreme Court denied Defendant's petition for a writ of certiorari.[12]

On September 18, 2025, Defendant filed his first motion for reversal alleging violation of his Sixth Amendment constitutional rights.[13] On October 8, 2025, Defendant filed a second motion alleging violation of his Fourth Amendment constitutional rights.[14] On November 3, 2025, Defendant filed a third motion alleging violation of his Fifth Amendment constitutional rights.[15] Defendant subsequently filed motions to supplement each of these petitions.[16] Because Defendant's pleadings raised constitutional challenges to his conviction, the Court construed these pleadings as requests for relief under 28 U.S.C. § 2255 and granted him leave to bring all of his claims in a single motion, which Defendant did.[17]

## LAW AND ANALYSIS

### I.    Defendant's Motion is untimely.

Pursuant to Section 2255, a federal prisoner in custody may move the sentencing court to vacate, set aside, or correct the sentence. "Section 2255 provides the primary means of collateral attack on a federal sentence [and] [r]elief under this section is warranted for any error that 'occurred at or prior to sentence.'"[18] Section 2255(f) provides that a one year statute of limitation applies to § 2255 motions. "The limitation period shall run from the latest of—

---

[10] R. Doc. 919.
[11] *United States v. Jones*, 810 F. App'x 333, 334 (5th Cir. 2020).
[12] R. Doc. 997.
[13] R. Doc. 1146 at p. 19.
[14] R. Doc. 1147 at p. 11.
[15] R. Doc. 1148 at p. 11.
[16] R. Docs. 1150, 1151 and 1152.
[17] R. Doc. 1155.
[18] *Cox v. Warden, Fed'l Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (quoting *United States v. Flores*, 616 F.2d 840, 842 (5th Cir. 1980)).

(1)      the date on which the judgment of conviction became final;

(2)      the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was presented from making a motion by such governmental action;

(3)      the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)      the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."[19]

Defendant filed this motion on January 20, 2026.[20] This is over 5 years from the date the Supreme Court denied Defendant's petition for a writ of certiorari, which was also the day Defendant's judgment of conviction finalized.[21] As a result, Defendant's Motion was untimely under § 2255(f)(1).[22]

In addition, Defendant does not demonstrate that his limitations period should have begun at a date later than when his conviction became final. Defendant does not argue that any governmental action prevented him from filing the present motion, that he is asserting a right newly recognized by the Supreme Court, or that recent facts have come to light supporting his claim that he could not have discovered years prior. Accordingly, Defendant's motion is time-barred under § 2255(f)(1) unless Defendant can demonstrate the applicability of equitable tolling.

---

[19] § 2255(f).
[20] R. Doc. 1953.
[21] R. Doc. 997; *United States v. Thomas*, 203 F.3d 350, 355 (5th Cir. 2000).
[22] Even if the Court calculated the limitations period using the date Defendant filed his first motion seeking relief for constitutional violations—September 18, 2025—Defendant's motion would still be untimely.

3

## II.    Defendant is not entitled to equitable tolling.

Defendant has not carried his burden of establishing an entitlement to equitable tolling. "As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules."[23] A movant under § 2255 is "entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing."[24] This standard requires "reasonable diligence, not maximum feasible diligence."[25] "Equitable tolling is permissible only in rare and exceptional circumstances," and is not extended "to instances of excusable neglect."[26] "[T]he decision to invoke equitable tolling is left to the discretion of the district court."[27]

The Court does not find that this case presents a "rare" or "exceptional" circumstance that permits the application of equitable tolling. Defendant argues the Court should toll the statute of limitations because the Court ordered him to bring this § 2255 motion.[28] However, Defendant misunderstands the Court's order. The Court merely granted Defendant leave to bring all of his claims for reversal of his conviction in a single § 2255 motion.[29] The Court did not find that such a motion would be timely or that any circumstances justified tolling the limitations period for his § 2255 motion.[30]

In addition, Defendant argues his constitutional rights were violated because the jury instructions in this matter were constructively amended at his trial to broaden the

---

[23] *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).
[24] *United States v. Jackson*, 470 Fed. App'x. 324, 329 (5th Cir. 2012) (citations and quotations omitted).
[25] *Id.* (citations and quotations omitted).
[26] *Id.* (citations and quotations omitted).
[27] *Id.* (citations and quotations omitted).
[28] R. Doc. 1165.
[29] R. Doc. 1155.
[30] *See id.*

4

possible bases for his conviction,[31] he was illegally arrested and searched,[32] he was illegally resentenced, and his counsel provided him ineffective assistance.[33] These alleged constitutional violations occurred before Defendant's conviction became final, and Defendant has failed to detail any circumstances, let alone extraordinary ones, that prevented him from timely bringing these claims. As a result, the Court will not toll the limitations period.

### III.   The Court will not issue a certificate of appealability.

"When a district court enters a final order adverse to a petitioner under § 2255, the court must issue or deny a certificate of appealability."[34] A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right."[35] This requires Defendant to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] adequate to deserve encouragement or to proceed further."[36] With respect to claims denied on procedural grounds, Defendant must make a two-part showing that: (1) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling" and (2) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right."[37]

Defendant's motion does not satisfy these standards. Defendant did not bring his claims until years after the limitations period had run; no reasonable jurists could find it

---

[31] R. Doc. 1157 at 4.
[32] *Id.* at at 5.
[33] *Id.* at 7.
[34] *United States v. Williams*, 2019 WL 2603657, at *3 (E.D. La. June 25, 2019).
[35] 28 U.S.C. § 2253(c)(2).
[36] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).
[37] *Johnson v. Quarterman*, 483 F.3d 278, 284 (5th Cir. 2007) (quoting *Slack*, 529 U.S. at 484).

debatable whether Defendant's claims are untimely. In addition, Defendant's arguments do not amount to a substantial showing that his constitutional rights were compromised, nor do they deserve encouragement to proceed further or engender any type of debate among reasonable jurists. Accordingly, the Court will not issue a certificate of appealability.

### CONCLUSION

**IT IS ORDERED** that Defendant's Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255[38] is **DENIED AS TIME-BARRED**.[39]

**IT IS FURTHER ORDERED** that Defendant's motions to reverse conviction[40] and motions to supplement[41] are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

**New Orleans, Louisiana, this 24th day of March, 2026.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[38] R. Doc. 1157.

[39] Because the Court finds Defendant's Motion untimely, the Court declines to reach the merits of Defendant's Motion.

[40] R. Docs. 1146, 1147, 1148.

[41] R. Docs. 1150, 1151, 1152.