# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO.  13-205** |
| **SIDNEY PATTERSON** | **SECTION: "E"** |

## ORDER AND REASONS

Before the Court is a "Notice of Plain Error" filed by Defendant Sidney Patterson ("Defendant").[1] Because Defendant requests the Court re-consider its March 24, 2026 order denying his 28 U.S.C. § 2255 motion,[2] the Court construes Defendant's notice as a motion to alter or amend a judgment under Fed. R. Civ. P. Rule 59(e) as well as a motion for relief from a judgment or order under Rule 60(b).

## BACKGROUND

In September 2013, Defendant, along with others, was indicted on a RICO Conspiracy charge.[3] On August 28, 2015, a jury found Defendant guilty on multiple counts charged in the indictment.[4] The Court sentenced Defendant to life imprisonment.[5] Defendant filed a timely notice of appeal, and the Fifth Circuit remanded.[6] Following remand, the Court re-sentenced Defendant to life imprisonment on February 21, 2018.[7] The Fifth Circuit remanded the matter again;[8] for a third time, the Court sentenced

---

[1] R. Doc. 1168.
[2] R. Doc. 1166.
[3] R. Doc. 1.
[4] R. Doc. 536.
[5] R. Doc. 712; R. Doc. 715; R. Doc. 919.
[6] *United States v. Jones*, 873 F.3d 482, 500 (5th Cir. 2017)
[7] R. Doc. 799.
[8] *United States v. Jones*, 935 F.3d 266, 274 (5th Cir. 2019)

Defendant to life imprisonment.[9] The Fifth Circuit affirmed the third sentence.[10] On January 11, 2021, the Supreme Court denied Defendant's petition for a writ of certiorari.[11]

On September 18, 2025, Defendant filed his first motion for reversal alleging violation of his Sixth Amendment constitutional rights.[12] On October 8, 2025, Defendant filed a second motion alleging violation of his Fourth Amendment constitutional rights.[13] On November 3, 2025, Defendant filed a third motion alleging violation of his Fifth Amendment constitutional rights.[14] Defendant subsequently filed motions to supplement each of these petitions.[15] Because Defendant's pleadings raised constitutional challenges to his conviction, the Court construed these pleadings as requests for relief under 28 U.S.C. § 2255 and granted him leave to bring all of his claims in a single motion, which Defendant did.[16]

On March 24, 2026, the Court denied Defendant's 28 U.S.C. § 2255 motion as time-barred under § 2255(f)(1).[17] On April 7, 2026, Defendant filed the present motion.[18] Defendant requests this Court reconsider its order denying his § 2255 motion as time-barred. [19] The Defendant does not argue the Court's decision on the timeliness of his § 2255 motion was incorrect. Nor does he attack a defect in the integrity of the federal habeas proceeding.

---

[9] R. Doc. 919.
[10] *United States v. Jones*, 810 F. App'x 333, 334 (5th Cir. 2020).
[11] R. Doc. 997.
[12] R. Doc. 1146 at p. 19.
[13] R. Doc. 1147 at p. 11.
[14] R. Doc. 1148 at p. 11.
[15] R. Docs. 1150, 1151 and 1152.
[16] R. Doc. 1155.
[17] R. Doc. 1166 at pp. 2-5.
[18] R. Doc. 1168.
[19] Id. at p. 3.

## LAW AND ANALYSIS

Generally, "motions seeking to amend or alter the judgment of a first habeas proceeding 'should be construed as successive habeas petitions.'"[20] A motion challenging the denial of a previous habeas petition will not be construed as a successive petition only if it (1) attacks a defect in the integrity of the federal habeas proceeding or (2) attacks a procedural ruling which precluded a merits determination.[21] "Fraud on the federal habeas court is one example" of a defect in federal habeas proceedings.[22] An attack on the correctness of a court's ruling that a defendant's claims are time-barred is an attack on a procedural ruling precluding a merits determination.[23]

Defendant's motion for reconsideration does not (1) attack a defect in the integrity of the federal habeas proceeding or (2) attack a procedural ruling which precluded a merits determination.[24] Defendant does not argue the Court committed error in ruling that his § 2255 motion is time-barred, as he does not argue that his motion was in fact timely. Nor does Defendant argue the Government or anyone else committed a fraud on the Court, or that any other procedural defect jeopardized the integrity of the proceedings surrounding his § 2255 motion. These are the only two exceptions to the rule that motions seeking to amend or alter the judgment of a first habeas proceeding are construed as successive habeas petitions.

The Court finds that Defendant's motion is a second or successive habeas petition over which the Court does not have jurisdiction. Under 28 U.S.C. § 2244(b), "[a] claim

---

[20] *Hess v. Cockrell*, 281 F.3d 212, 214–15 (5th Cir. 2002) (quoting *Fierro v. Johnson*, 197 F.3d 147, 151 (5th Cir.1999)).

[21] *Gamboa v. Davis*, 782 F. App'x 297, 300 (5th Cir. 2019)(citing *Gilkers v. Vannoy*, 904 F.3d 336, 343-44 (5th Cir. 2018); *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).

[22] *Gonzalez*, 545 U.S. at 532 n.5.

[23] *Id*. at 533.

[24] See *Gamboa*, 782 F. App'x at 300.

presented in a second or successive habeas corpus application" must be dismissed unless the second or successive habeas petition was authorized by the Fifth Circuit.[25] Defendant did not obtain authorization from the Fifth Circuit to bring such a petition.

**CONCLUSION**

**IT IS ORDERED** that Plaintiff's motion for reconsideration is **DENIED** for lack of jurisdiction.[26]

**New Orleans, Louisiana, this 9th day of April, 2026.**

_____

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[25] 28 U.S.C.A. § 2244(b).
[26] R. Doc. 1168.